IN THE SECOND DISTRICT COURT OF APPEAL, LAKELAND, FLORIDA

October 19, 2016

AMER ALI EJAK, )
)
Appellant, )
)
v. ) Case No. 2D13-5332
)
STATE OF FLORIDA, )
)
Appellee. )
_____ )

BY ORDER OF THE COURT:

Appellant's motion for rehearing, written opinion and/or certification is granted to the extent that we substitute the following opinion for the per curiam affirmance issued April 29, 2016. The motion is denied in all other respects. No further motions for rehearing will be entertained.

I HEREBY CERTIFY THE FOREGOING IS A
TRUE COPY OF THE ORIGINAL COURT ORDER.

MARY ELIZABETH KUENZEL, CLERK

AMER ALI EJAK,                          )
                                        )
         Appellant,                     )
                                        )
v.                                      )          Case No.   2D13-5332
                                        )
STATE OF FLORIDA,                       )
                                        )
         Appellee.                      )
_____)

Opinion filed October 19, 2016.

Appeal from the Circuit Court for
Hillsborough County; Emmett Lamar
Battles, Judge.

Howard L. Dimmig, II, Public Defender,
and Ivy R. Ginsberg, Special Assistant
Public Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Cerese Crawford
Taylor, Assistant Attorney General,
Tampa, for Appellee.

KELLY, Judge.

          Amer Ali Ejak was seventeen years old when a jury found him guilty of

first-degree murder.  The trial court sentenced Ejak to life in prison without the

possibility of parole on September 3, 2013.  The date is significant because Ejak's

sentence was imposed after the United States Supreme Court decided Miller v.

Alabama[1]—which held that it was unconstitutional to sentence a juvenile convicted of homicide to a mandatory life sentence without the possibility of parole—but before the Florida Legislature enacted section 921.1401(2), Florida Statutes (2014), to bring Florida's sentencing scheme in line with Miller. Faced with sentencing Ejak at a time when Florida had no valid sentencing statute for juveniles convicted of first-degree murder, the trial court conducted a sentencing hearing designed to comport with the dictates of Miller and then sentenced Ejak to life without the possibility of parole.

While this appeal was pending, the Florida Supreme Court decided Horsley v. State, 160 So. 3d 393 (Fla. 2015), which held that chapter 2014-220, Laws of Florida, applies to all juvenile offenders whose sentences are unconstitutional under Miller. Id. at 409. Ejak filed a rule 3.800(b)(2) motion to correct sentencing error citing Horsley and arguing that he was entitled to a new sentencing hearing in accordance with the procedures outlined in chapter 2014-220, Laws of Florida, which are codified in sections 775.082, 921.1401, and 921.1402, Florida Statutes (2014). The trial court granted the motion in part. As required by section 775.082(1)(b)(3), it made a written finding that Ejak was eligible for a sentence review hearing under section 921.1402(2)(a). However, it denied the motion to the extent it requested a new sentencing hearing under section 921.1401(2). On appeal, Ejak argues the trial court erred in not conducting a new sentencing hearing. We disagree.[2]

_____

[1]Miller v. Alabama, 132 S. Ct. 2455 (2012).

[2]Ejak raises several issues in this appeal, none of which have merit. We originally issued a per curiam affirmance, but granted his motion for rehearing, written opinion, and/or certification in part to address his argument that he was entitled to be resentenced. In all other respects his motion was denied.

The question in <u>Horsley</u> was what remedy was appropriate for sentences that were unconstitutional under <u>Miller</u> but which were imposed for crimes committed before the effective date of the new sentencing scheme. The supreme court stated its choice of remedy was driven by a desire to fashion a remedy that was consistent with legislative intent and <u>Miller</u>. <u>See</u> <u>Horsley</u>, 160 So. 3d at 405-06. The remedy it chose—application of the new law—would provide juveniles with individualized consideration before sentencing and, for most juveniles, subsequent judicial review of their sentences. <u>See</u> <u>id.</u> at 408. Ejak received both.

Unlike Horsley, Ejak was sentenced after <u>Miller</u> was decided. The trial court recognized <u>Miller</u> required individualized consideration, and it conducted a sentencing hearing specifically intended to comport with the requirements of <u>Miller</u>. Its sentencing order addressed the factors spelled out in <u>Miller</u>, which were later incorporated into section 921.1401(2). Ejak argues the trial court did not consider all the statutory factors; however, a review of the transcript of the sentencing hearing and the trial court's sentencing order show otherwise.

The trial court's order fully and carefully set out its findings, and we conclude it addressed all the factors described in section 921.1401(2), to the extent each of those factors was applicable. At sentencing, Ejak—unlike Horsley—received the individual consideration required by <u>Miller</u>. Thus, his life sentence was not unconstitutional under <u>Miller</u>, and absent an unconstitutional sentence under <u>Miller</u>, he was not entitled to a new sentencing hearing under section 921.1401(2). We also note that to the extent <u>Horsley</u> can be read to say that the Constitution requires that juveniles sentenced to life must be afforded an opportunity for subsequent judicial review of their

sentences, the trial court recognized this and, as required by section 775.082(1)(b)(3), made a written finding that Ejak was eligible for sentence review under section 921.1402(2). Ejak received everything he was constitutionally or statutorily entitled to and, accordingly, we affirm the trial court's order denying his rule 3.800(b)(2) motion to correct sentencing error.

Affirmed.

WALLACE and BLACK, JJ., Concur.