NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

AMER ALI EJAK,          )
                        )
          Appellant,    )
                        )
v.                      )          Case No.   2D13-5332
                        )
STATE OF FLORIDA,       )
                        )
          Appellee.     )
_____)

Opinion filed October 27, 2017.

Appeal from the Circuit Court for
Hillsborough County; Emmett Lamar
Battles, Judge.

Howard L. Dimmig, II, Public Defender,
and Ivy R. Ginsberg, Special Assistant
Public Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Cerese Crawford
Taylor, Assistant Attorney General,
Tampa, for Appellee.


KELLY, Judge.

          After reviewing jurisdictional briefs seeking review of our decision in Ejak

v. State, 201 So. 3d 1228 (Fla. 2d DCA 2016), the supreme court quashed our decision

and remanded the case to us for further proceedings consistent with Kelsey v. State,

206 So. 3d 5 (Fla. 2016). Ejak v. State, 42 Fla. L. Weekly S751, S751 (Fla. June 23, 2017). Kelsey, who was resentenced after Graham v. Florida, 560 U.S. 48 (2010), but before the legislature passed chapter 2014-220, Laws of Florida, complained that his new sentence was still unconstitutional under Graham because it did not provide a meaningful opportunity for early release. Kelsey, 206 So. 3d at 10 ("Kelsey argues that his sentence does not currently provide the relief specified in our previous decisions and seeks the judicial review granted to other defendants who, like him, were sentenced to terms that will not provide them a meaningful opportunity for relief in their respective lifetimes."). The supreme court agreed and reiterated that all "juveniles who are serving lengthy sentences are entitled to periodic judicial review to determine whether they can demonstrate maturation and rehabilitation." Id.

Ejak was originally sentenced after Miller v. Alabama, 567 U.S. 460 (2012), but before the legislature passed chapter 2014-220. After passage of the law he filed a motion to correct sentencing error under Florida Rule of Criminal Procedure 3.800(b)(2), seeking to be resentenced under the new law. The trial court denied Ejak's request for a new sentencing hearing, but it granted the motion in part and amended Ejak's sentence to provide for subsequent judicial review pursuant to section 921.1402(2), Florida Statutes (2014). Ejak, 201 So. 3d at 1230. Accordingly, Ejak's sentence is consistent with Kelsey, and we again affirm the trial court's order denying in part and granting in part Ejak's rule 3.800(b)(2) motion to correct sentencing error.

Affirmed.


WALLACE and BLACK, JJ., Concur.